# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

GORDON DAVID REESE,

        Petitioner,

v.

WARDEN, FCI SANDSTONE,

        Respondent.

Case No. 24-cv-4341 (LMP/DLM)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Gordon David Reese, pro se.

Ana H. Voss and Trevor Brown, **United States Attorney's Office, Minneapolis, MN**, for Respondent.

Petitioner Gordon David Reese filed a petition for a writ of habeas corpus, ECF No. 1, challenging a determination by the Bureau of Prisons ("BOP") that he is ineligible to earn First Step Act ("FSA") time credits ("FTCs"), *see* ECF No. 3 at 1. On November 10, 2025, United States Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R") concluding that Reese's Petition should be denied. ECF No. 23 at 4–7. Reese objects to the R&R on various grounds, ECF No. 26, so the Court reviews de novo the portions of the R&R to which Reese properly objects, Fed. R. Civ. P. 72(b)(3). For the reasons discussed below, the Court overrules Reese's objections and adopts the R&R in its entirety.

## FACTUAL BACKGROUND

In 2006, Reese was convicted of five drug, firearm, and assault charges: conspiracy to distribute or possess with intent to distribute methamphetamine, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(B), and 846 (Count 1); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 2); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 3); being an armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 4); and assault resulting in bodily injury, in violation of 18 U.S.C. § 113(a)(4) (Count 5). ECF No. 9 ¶ 3; ECF No. 9-1. Reese was originally sentenced to serve a total term of incarceration of 363 months: 303 months for Counts 1, 2, and 4,[1] to be served concurrently; 6 months for Count 5, to be served concurrently; and 60 months for Count 3, to be served consecutively. ECF No. 9 ¶ 4. At the time he filed the Petition, Reese was serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota,[2] *id.* ¶ 2, and currently is projected to be released on September 20, 2031, *id.* ¶ 5.

Under the FSA, federal prisoners who successfully complete recidivism reduction programs may be eligible to earn FTCs, which are applied to the prisoner's sentence and entitle the prisoner to early transfer to prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(A)–(C). Prisoners serving sentences for certain crimes are ineligible to earn FTCs, however, including those with convictions under 18 U.S.C. § 924(c) "relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." *Id.* § 3632(d)(4)(D)(xxii). The BOP determined that because

---

[1]     Reese was later resentenced to serve 120 months for Count 4. ECF No. 9 ¶ 4.

[2]     During the pendency of these proceedings, Reese was transferred to Federal Correctional Institution in Thomson, Illinois. *See* ECF No. 17.

Reese's sentence for his conviction under 18 U.S.C. § 924(c)(1) was aggregated with his sentences for the remaining charges, Reese is ineligible to earn FTCs on his entire aggregated term of imprisonment. ECF No. 9 ¶ 7.

## PROCEDURAL BACKGROUND

Reese filed his Petition on December 2, 2024, challenging the BOP's determination that he is ineligible to earn FTCs and, alternatively, asserting that he should be eligible to earn FTCs "with respect to his drug sentence." ECF No. 1 at 8. Magistrate Judge Micko issued the R&R on November 10, 2025, concluding that the BOP's determination is correct and recommending that Reese's Petition be dismissed. *See* ECF No. 23 at 4–7. Reese timely filed objections. ECF No. 26; *see also* ECF No. 25. The Government timely responded to Reese's objections. ECF No. 27.

## STANDARD OF REVIEW

Under Rule 72 of the Federal Rules of Civil Procedure, a district judge "must determine de novo any part of [a] magistrate judge's disposition that has been properly objected to," and the district judge "may accept, reject, or modify" the magistrate judge's recommended disposition. Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C). Absent specific objections, the district judge reviews the magistrate judge's recommendation for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). A district court must liberally interpret a pro se party's objections to a magistrate judge's order. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## ANALYSIS

Reese contends that the "R&R fails to confront the core issues presented" in his Petition and "misapplies control[l]ing law." ECF No. 26 at 1. He raises several overlapping objections that largely center on the same purported error in the R&R: that Magistrate Judge Micko did not properly consider his argument that the rule of lenity "controls the interpretation" of the relevant statutes underlying the BOP's determination and the R&R's conclusion. *See id.* at 1–7. He also argues that the R&R incorrectly rejected his Fifth Amendment Due Process arguments because it "relies solely on liberty-interest analysis" which, Reese contends, has never been "extended to Fifth Amendment challenges" by the Eighth Circuit. *Id.* at 6. Reese's objections are unavailing.

## I.    Rule of Lenity

The rule of lenity is a canon of statutory construction which "states that ambiguities in criminal statutes should be resolved in favor of the defendant." *United States v. Buford*, 54 F.4th 1066, 1068 (8th Cir. 2022). Courts rely on the rule of lenity only when, "after employing all other tools of construction, 'a grievous ambiguity or uncertainty in the statute' remains." *Id.* (quoting *Donnell v. United States*, 765 F.3d 817, 820 (8th Cir. 2014)).

Reese argues that 18 U.S.C. §§ 3584(c) and 3632(d)(4)(D)—the statutes underlying the R&R's conclusion—must be construed in his favor because they are ambiguous as to whether a prisoner serving a term of imprisonment for multiple convictions, not all of which render the prisoner ineligible to earn FTCs, is barred from earning FTCs for the entirety of his term or only as to the portion relating to his ineligible convictions. *See* ECF

4

No. 26 at 2–4. But there is no ambiguity in the statutes, and thus there is no basis to invoke the rule of lenity.

First, 18 U.S.C. § 3632(d)(4)(D)(xxii) clearly states that a prisoner "is ineligible to receive time credits" under the FSA if he "is serving a sentence for a conviction under" 18 U.S.C. § 924(c) "relating to unlawful possession or use of a firearm during and in relation to any . . . drug trafficking crime." Reese does not—nor can he—dispute that he is serving a sentence for a conviction under that statute. *See* ECF No. 9 ¶ 3; ECF No. 9-1 at 1. Second, 18 U.S.C. § 3584(c) clearly requires that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Taken together, the BOP was correct in determining that Reese's multiple terms of imprisonment are to be treated as a "single aggregate sentence," and that his conviction under 18 U.S.C. § 924(c)(1) for possession of a firearm in furtherance of a drug trafficking crime therefore renders him "ineligible to earn FSA credits." *Clinkenbeard v. Murdock*, No. 24-3127, 2025 WL 926451, at *1 (8th Cir. Mar. 27, 2025); *see Sok v. Eischen*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) ("[T]he district court did not err in denying Sok's petition, as the BOP correctly treated his prison terms as a single aggregated sentence . . . and therefore properly denied him FSA credits."); *see also Giovinco v. Pullen*, 118 F.4th 527, 533, 533 n.4 (2d Cir. 2024) (noting that "every other circuit court to have considered the question" agrees with this conclusion and collecting cases).

Reese further asserts that the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), compels a different result, *see* ECF No. 26 at 5, but that

argument is unavailing.  It is true that, under *Loper Bright*, courts "must exercise their independent judgment in deciding whether an agency has acted within its statutory authority" and may not "defer to an agency interpretation of the law simply because a statute is ambiguous."  603 U.S. at 412–13.  But, again, there is no ambiguity to resolve here, and in any event, *Loper Bright* does not stand for the proposition that an agency interpretation accepted by the courts under the *Chevron* framework[3]—which *Loper Bright* overruled—is inherently incorrect.  *See Loper Bright*, 603 U.S. at 412 ("[W]e do not call into question prior cases that relied on the *Chevron* framework.").  In fact, *Clinkenbeard*, which affirmed the denial of a habeas petition based on facts and claims that are nearly identical to those presented by Reese, was decided by the Eighth Circuit after *Loper Bright*. *See Clinkenbeard*, 2025 WL 926451, at *1.

For these reasons, Reese's objections are overruled.

## II.      Fifth Amendment Due Process

The R&R also concludes that the BOP's determination does not violate the Fifth Amendment's Due Process Clause because "there is no constitutionally protected liberty interest in the opportunity to earn FTCs."  ECF No. 23 at 5.  Reese objects to this conclusion on the basis that "the absence of a liberty [interest]" does not "bar[] a Fifth Amendment due-process challenge to the imposition or continuation of federal criminal consequences." ECF No. 26 at 6.  But "the constitutional right to due process is only implicated if a 'deprivation[] of life, liberty or property . . . is at stake,'"  *United States v. Johnson*, 703

---

[3]      *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

F.3d 464, 469 (8th Cir. 2013) (alteration in original) (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)).  Reese does not argue that he has been deprived of life or property, and decisions in this District have consistently rejected the argument that a federal prisoner has a protected liberty interest in the opportunity to earn FTCs.  *See, e.g.*, *Vang v. Rardin*, No. 24-cv-2690 (DSD/EMB), 2025 WL 2880212, at *2 (D. Minn. Sept. 22, 2025), *report and recommendation adopted*, 2025 WL 2879445 (D. Minn. Oct. 9, 2025); *Davis v. Warden, FCI Sandstone*, No. 24-cv-4174 (JWB/DTS), 2025 WL 3177522, at *3 n.1 (D. Minn. May 20, 2025), *report and recommendation adopted*, 2025 WL 3020046 (D. Minn. Oct. 29, 2025); *Reynolds v. Eischen*, No. 24-cv-2956 (LMP/DJF), 2025 WL 1095943, at *7 (D. Minn. Mar. 11, 2025), *report and recommendation adopted*, 2025 WL 1095067 (D. Minn. Apr. 11, 2025).  Reese offers no argument and cites no authority that persuades the Court to depart from the analysis and conclusions in these and other decisions, so Reese's objection based on the R&R's disposition of his due process claim is overruled.

## CONCLUSION

The Court overrules Reese's specific objections to the R&R, and the Court finds no clear error in the remainder of the R&R.  *See Grinder*, 73 F.3d at 795.  Accordingly, based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1.  Reese's Objections to the R&R (ECF No. 26) are **OVERRULED**;

2.  The R&R (ECF No. 23) is **ADOPTED IN FULL**;

3.  Reese's Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**; and

4.     This matter is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 2, 2026                          *s/ Laura M. Provinzino*
                                              Laura M. Provinzino
                                              United States District Judge